UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Atkins, | ) C/A No. 6:11-02376-MBS-KFM |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Phillip Thompson, Sheriff of Horry County | ) |
| Respondent. | ) |

_____

Petitioner, a self-represented detainee at the J. Reuben Long Detention Center, brings this action for habeas relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Judge. Having reviewed the Petition in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

## DISCUSSION

Petitioner indicates that, in 1992, he was sentenced to forty (40) years of imprisonment subsequent to a guilty plea in the Horry County Court of General Sessions to the offenses of common law robbery and criminal sexual conduct. ECF No. 1, page 1. Petitioner claims that he was granted parole on August 25, 2010, and transferred to the J. Reuben Long Detention Center on January 27, 2011, "to be released." *Id.* at 5. Petitioner further alleges that he "maxed out" his sentence on February 1, 2011, and is currently being held on an expired sentence. *Id.*

1

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The present Petition is the second § 2254 action filed by Petitioner with respect to his 1992 convictions.[2] Petitioner's first habeas Petition, Civil Action Number (C/A No.) 6:98-03530-MBS-WMC (D.S.C.), was dismissed with prejudice on May 10, 2000. Petitioner appealed the Court's decision to the United States Court of Appeals for the

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

[2] The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

2

Fourth Circuit, which denied a certificate of appealability and dismissed the appeal. *See Atkins v. Condon*, No. 00-6848, 2000 WL 1803864 (4th Cir. Dec. 8, 2000). In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277, 279 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542, 544 (4th Cir. 2003). Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition in the district court. Therefore, to the extent Petitioner is attempting to challenge his 1992 convictions under § 2254, this Court does not have jurisdiction to consider the Petition.

Next, it is noted that state, local, and federal records do not support Petitioner's allegation that he is being detained on an expired sentence. First, Petitioner is not listed as an inmate on the South Carolina Department of Corrections' website.[3] Instead, online records for Horry County indicate that a petition was filed against Petitioner by the State of South Carolina on February 25, 2010, pursuant to the Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10, *et seq.*[4] In addition, records in a pending civil action filed by Petitioner in this Court, alleging nearly identical facts as the present Petition, show that Petitioner was scheduled for release from the South Carolina Department of Corrections (SCDC) on February 1, 2011. *See Ronald Atkins v. Phillip Thompson*, Civil Action No. 6:11-02262-MBS-KFM (D.S.C.). However, prior to Petitioner's release from

---

[3] *See* South Carolina Department of Corrections, https://sword.doc.state.sc.us/scdc-public/ (last visited October 24, 2011).

[4] *See* Horry County Public Index, http://www.horrycounty.org/SCJDWEB/publicindex (last visited October 24, 2011).

SCDC, a detainer was issued based on a state court order finding probable cause that Petitioner meets the criteria of the sexually violent predator statute. *Id.* at ECF No.'s 18-4, 18-5. Thus, Petitioner was transferred to the J. Reuben Long Detention Center upon completion of his sentence.

Pre-trial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). However, while Petitioner could challenge his pre-trial detention under § 2241, he cannot do so until state remedies have been fully exhausted. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion required under 28 U.S.C. § 2241); *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010)(holding that a petitioner must exhaust state remedies prior to challenging government's efforts to commit him civilly as a sexually dangerous person). In the present action, Petitioner alleges that he filed a state habeas corpus petition challenging his current detention on August 29, 2011. *See* ECF No. 9, page 2. As Petitioner has a viable state court remedy which has not yet been exhausted, any challenge to Petitioner's pre-trial detention under § 2241 is subject to summary dismissal. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."). *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4, (4th Cir.

4

1993)("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

## RECOMMENDATION

Accordingly, it is recommended that the Petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

October 26, 2011  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).