IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

```
Ronald Atkins,                          )
                                        )  C/A No. 6:11-2376-MBS
                 Petitioner,            )
                                        )
         vs.                            )        O R D E R
                                        )
Phillip Thompson, Sheriff of Horry County, )
                                        )
                 Respondent.            )
_____)
```

Petitioner Ronald Atkins is a detainee at the J. Reuben Long Detention Center in Conway, South Carolina. On September 6, 2011, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held on an expired sentence.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings, and the Anti-Terrorism and Effective Death Penalty Act. On October 26, 2011, the Magistrate Judge filed a Report and Recommendation in which he noted that (1) Petitioner previously filed a § 2254 petition, and thus is required to obtain permission from the Court of Appeals for the Fourth Circuit to file a successive § 2254 petition; (2) state, local, and federal records do not support Petitioner's allegation that he is being held on an expired sentence; rather, Petitioner appears to being held pursuant to the Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10 et seq.; and (3) Petitioner may be able to challenge his sentence under 28 U.S.C. § 2241, but he would be required to exhaust his state remedies first. Accordingly, the Magistrate Judge recommended that the within petition be dismissed without prejudice and without requiring Respondent to file a return. Petitioner filed a response on November 4, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The body of Petitioner's response reads in its entirety:

On January 20, 2011, I Ronald Atkins was transferred to J. Reuben Long Detention to be released on February 1, 2011 my max-out date on page 3 it is stated that i am not an inmate on the South Carolina Department of Corrections website because my sentence has expired and i am no longer an inmate there and this detainer brings about double jeopardy into play because the State is trying to punish me twice for the same crime and I've already paid my dues to society, because a man can not be punished for the same crime twice.

Petitioner's response merely restates the allegations of his § 2254 petition. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly examined the record. The court adopts the Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
November 30, 2011

**NOTICE OF RIGHT TO APPEAL**
**Petitioner is hereby notified of the right to appeal this order**
**pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**